JOHNSON, Chief Judge.
This is an appeal from a final order dismissing the second amended complaint without prejudice.
The facts gleaned from the record on appeal indicates that the appellant, who was the plaintiff below, was an invited guest to come on to the property of the defendants, J. W. LeBlanc and Dorothy LeBlanc, his wife, and that while on said property the plaintiff fell through a septic tank cover in the yard. It is alleged by the complaint, that said cover did not. comply with the statutory and regulatory requirements of the State of Florida with respect to the thickness of said cover.
The trial court judge commented that the second amended complaint was defective as the prior complaint and failed to state a cause of action on behalf of a social guest.
It appears to us that said amended complaint is defective in that it fails to allege essential elements required to impose liability on the property owner without actual knowledge of a dangerous condition existing or that there was an unreasonable known risk to the guest, or that the defendant had made any effort to warn the guest or to make the condition reasonably safe.
We agree that the trial court was correct in stating that said complaint did not state a cause of action.
The trial court specifically stated that said action was dismissed without prejudice.
The trial court is properly exercising its discretion in not dismissing said action with *65 prejudice, and neither does it fall within the province of the trial court to tell the plaintiff how to draw his complaint.
We agree with the trial court and inasmuch as the trial court has not precluded the plaintiff from filing a new complaint, we affirm the final decree.
WIGGINTON and RAWLS, JJ., concur.